# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 9013 | **DATE** | April 12, 2012 |
| **CASE TITLE** | VANDENBURG v. CASTRO | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to consolidate [21] is DENIED. The case is remanded, *sua sponte*, to the Circuit Court of Cook County, Illinois, Law Division.

## STATEMENT

Plaintiff Scot Vandenburg (along with his co-plaintiff, Patricia Vandenburg) alleges that he was injured while attending a chartered cruise aboard the motor yacht *Bad Influence II* on or about September 1, 2009. According to the state court complaint in this case, the captain of that yacht was Juan Castro II. Plaintiffs are Illinois citizens, Captain Castro is from Florida.

In addition to Captain Castro, Plaintiffs named the following Defendants in the underlying complaint: RQM, Inc., Dough Management, Location Finders International, Inc., Rose Paving Company, Michael Rose, Carl Quanstrom, and Alan Rose. The first four entities were alleged to be Illinois corporations all located at the same address: 9440 Enterprise Dr., Mokena, Illinois. The individuals are allegedly Illinois residents. The complaint alleges that RQM, Inc. was Captain Castro's employer. It says that Rose Paving was a booking agent and marketer for the *Bad Influence II,* in part through the operation of a website, www.rosepaving.com/yachts-of-fun. Location Finders International, Inc. is also said to market the yacht by operation of the email address badinfluence2@lfirealestate.com. Further, Location Finders allegedly "maintained and allowed the use of its phone numbers, address, and personnel for the booking, invoicing, and chartering" of the vessel. The individual Defendants are said to have 100% ownership of all the corporate entities and to operate them in a variety of ways that could trigger alter ego or joint venture liability.

Captain Castro removed the case to this court on December 20, 2011, arguing that he is the only legitimate defendant and that the other entities and individuals are "sham Defendants." If so, then this case may properly be in federal court under the diversity jurisdiction, given that Plaintiffs are from Illinois and Castro is from Florida (there appears to be no dispute that the amount in controversy exceeds $75,000). This is so because "[d]iversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." *Hoosier Energy Rural Elec. Coop. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir.

**STATEMENT**

1994) (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)). Therefore, if the non-Castro Defendants were fraudulently joined, then removal was allowed.

I cannot conclude that the other Defendants were fraudulently joined. "Fraudulent joinder occurs either when there is *no possibility* that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Id.* (emphasis added). Defendant Castro bases his argument for joinder only on the first option, that there is no possibility that Plaintiffs can state a cause of action against the non-Castro Defendants. Backing up this argument, he asserts that yet another entity, RQM, LLC (which was not sued in this case), was the "sole owner and operator" of the *Bad Influence II*. Thus, he claims, only he and RQM, LLC could plausibly be held liable (though, of course, he disputes that liability).

On a review of the underlying complaint, it seems there is at least some possibility that the non-Castro Defendants could be held liable. RQM, Inc., for instance, was Captain Castro's employer at the time. Therefore, it is conceivable that this entity could be held liable under principles of *respondeat superior* or even direct negligence for the hiring and oversight of the yacht captain. Additionally, several of the other Defendants are sued under such corporate liability theories as alter ego and joint venture, theories that could possibly apply even if it is true that RQM, LLC is nominally the owner of the *Bad Influence II*.

Because the complaint states causes of action for which there is at least some possibility of recovery, I must remand this action for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c), which governs procedure following removal from state court, says the following: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Courts in this circuit have interpreted this provision as requiring a judge to remand *sua sponte* when the lack of subject matter jurisdiction becomes apparent. *See, e.g., State Bd. of Elections ex rel. Sherman v. Martin*, 2010 U.S. Dist. LEXIS 89823 (N.D. Ill. Aug. 31, 2010); *Finnegan v. Marianjoy Rehab. Hosp. & Clinics, Inc.*, 316 F. Supp. 2d 662, 663 (N.D. Ill. 2004). Here, it is now apparent that Defendant Castro's basis for removal is not tenable. The non-diverse parties were properly added in the state court case under the relevant standards of the fraudulent joinder doctrine. With these parties in the case there is incomplete diversity, so I do not have subject matter jurisdiction over the action.

The case is remanded to the Circuit Court of Cook County, Law Division. The pending motion to consolidate is, therefore, denied as moot.